UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHLEY FRANCIS

Plaintiff,

- against -

805 COLUMBUS LLC AND STARBUCKS CORPORATION,

Defendants,

**ORDER**

16 Civ. 7539 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff Ashley Francis alleges that Defendants 805 Columbus LLC and Starbucks Corporation discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL"). The Complaint also includes a claim for negligence. Plaintiff claims that she encountered multiple barriers to accessibility during her visits to the Starbucks store located at 805 Columbus Avenue in Manhattan.

On February 28, 2019, the parties notified the Court that – given Defendants' remedial measures – the only remaining issue under the ADA is Plaintiff's claim for injunctive relief concerning accessible counter space. (Jt. Ltr. (Dkt. No. 112); Def. Br. (Dkt. No. 91) at 7; Pltf. Opp. (Dkt. No. 102); Jt. Status Rpt. (Dkt. No. 64))[1] Defendants have moved for summary judgment on this issue. (Sum. J. Mtn. (Dkt. No. 86)) For the reasons stated below, Defendants'

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Filing system.

motion for summary judgment will be granted, and the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## BACKGROUND[2]

Plaintiff requires a wheelchair for mobility. (Francis Decl. (Dkt. No. 101) ¶ 2) The Complaint alleges that Plaintiff encountered several architectural barriers that deterred her from patronizing the Starbucks store at 805 Columbus Avenue. (Cmplt. (Dkt. No. 1) ¶ 25; see also Francis Decl. (Dkt. No. 101) ¶ 6-8) These barriers include, inter alia, lack of an accessible entrance, lack of accessible counters, merchandise blocking access to the counters, lack of accessible seating, and lack of a fully accessible bathroom. (Cmplt. (Dkt. No. 1) ¶ 25) It is undisputed that Defendants have renovated the store and remediated the ADA violations identified by Plaintiff. (Def. R. 56.1 Stmt. (Dkt. No. 90) ¶ 5; Jt. Status Rpt. (Dkt. No. 36); Jt. Ltr. (Dkt. No. 112)) Plaintiff nonetheless seeks an injunction prohibiting Defendants from violating the ADA in the future by placing merchandise and other items on the sales and service counters. (Jt. Status Rpt. (Dkt. No. 64))

The counter at issue is 80 inches long and 34 ¾ inches high. (Def. R. 56.1 Stmt. (Dkt. No. 90) ¶ 2) "The counter is used mostly for point-of-sale (POS)-related equipment and to display products for sale, such as cookies, nuts, bars, gum, ground coffee, K-cups, gift cards, and ceramic cups." (Id. ¶ 2) Starbucks keeps a portion of the counter clear for "customers to place

---

[2] To the extent that this Court relies on facts drawn from the parties' Local Rule 56.1 statements, it has done so because the opposing party has either not disputed those facts or has not done so with citations to admissible evidence. See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.") (citations omitted). Where Plaintiff disagrees with Defendants' characterizations of the cited evidence, and has presented an evidentiary basis for doing so, the Court relies on Plaintiff's characterization of the evidence. See Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001) (court must draw all rational factual inferences in non-movant's favor in deciding summary judgment motion).

orders and make payments at the POS terminal." (Id. ¶ 3) At the time the Complaint was filed, the clear portion of the counter was less than 36 inches long. (Id. ¶ 4)

In April 2017, Defendants "constructed wooden cash corrals to enclose POS-related equipment, affixed these corrals to the counter surface, drilled new holes in the counter surface for network cables and electrical wiring, and relocated credit card machines and bolted them to different locations on the counter surface." (Id. ¶ 5) The corrals are 38 ¾ inches apart. (Id. ¶ 6) Starbucks has posted a notice – the "ADA Notice" – instructing employees not to place any items in the area between the cash corrals, other than items a customer has ordered or is purchasing. (Id. ¶ 7; ADA Notice (Dkt. No. 89-1) at 2-4) The ADA Notice does not represent an official policy of Starbucks. (Pltf. R. 56.1 Cntrstmt. (Dkt. No. 103) ¶ 7)

The parties agree that the counter at issue is currently compliant with the ADA. (Def. Br. (Dkt. No. 91) at 12; Pltf. Opp. (Dkt. No. 102) at 17) However, they disagree as to whether the counter complied with the ADA at the time the Complaint was filed. Plaintiff argues that the counter was not ADA-complaint, and seeks an injunction requiring Starbucks to maintain at least 36 inches of clear counterspace. (Pltf. Opp. (Dkt. No. 102) at 6) Defendants argue that the Starbucks counter has always been ADA-compliant, and that Plaintiff is seeking an injunction that exceeds Defendants' obligations under the ADA. (Def. Br. (Dkt. No. 91) at 7-8)

## DISCUSSION

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is warranted where the moving party shows that "there is no genuine dispute as to any material fact" and that that party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's

favor." Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citing Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)). "'[W]here the non[-]moving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the non[-]moving party's claim.'" Lesavoy v. Lane, No. 02 Civ. 10162, 2008 WL 2704393 (RWS), at *7 (S.D.N.Y. July 10, 2008) (quoting Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 116 (2d Cir. 1991)).

In deciding a summary judgment motion, the Court "'resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (quoting Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001)). However, a "'party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . [M]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist.'" Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (alterations in original) (quoting Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995)).

## II. ADA REQUIREMENTS

### A. Applicable Law

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C § 12182(a). "To state a claim under Title III, [Plaintiff] must allege (1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the

services defendants provide." Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008). Here, there is no dispute as to the first two elements.

As to the third element, "[a] plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')." Lemmons v. Ace Hardware Corp., No. 12 Civ. 03936 (JST), 2014 WL 3107842, at *7 (N.D. Cal. July 3, 2014); see also Shariff v. Beach 90th St. Realty Corp., No. 11 Civ. 2551 (ENV), 2013 WL 6835157, at *4 (E.D.N.Y. Dec. 20, 2013) ("The Court looks to the [ADAAG] to determine whether the alleged architectural barriers constitute discrimination under the ADA."). The parties agree that the 2004 ADAAG (36 C.F.R. Pt. 1191.1 Appx. A.) – as set out in the 2010 ADA Standards for Accessible Design issued by the U.S. Department of Justice – govern this action. (Def. Br. (Dkt. No. 91) at 10; Pltf. Opp. (Dkt. No. 102) at 7)

Section 227.3 of the 2004 ADAAG states that, "[w]here provided, at least one of each type of sales counter and service counter shall comply with 904.4." 36 C.F.R. Pt. 1191.1 Appx. C. § 227.3. Under Section 904.4, "[s]ales counters and service counters shall comply with 904.4.1 or 904.4.2. The accessible portion of the counter top shall extend the same depth as the sales or service counter top." Id. Appx. D. § 904.4.

Section 904.4.1 applies where there is a "parallel approach" to a sales or service counter. Id. Appx D. § 904.4.1. The parties agree that Section 904.4.1 applies to the counter at issue here. (Def. Br. (Dkt. No. 91) at 5; Pltf. Opp. (Dkt. No. 102) at 2)

Section 904.4.1 reads:

> **904.4.1 Parallel Approach.** A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305

shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.

**EXCEPTION:** Where the provided counter surface is less than 36 inches (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor.

36 C.F.R. Pt. 1191.1 Appx. D § 904.4.1.[3]

**B. Analysis**

Defendants argue that the Starbucks store counter has always complied with Section 904.4.1. It is undisputed that, at all relevant times, the counter has been 80 inches long and 34 ¾ inches high. (Def. R. 56.1 Stmt. (Dkt. No. 103) ¶ 2) Although – at the time the Complaint was filed – Starbucks provided less than 36 inches of clear counter space (see Def. Br. (Dkt. No. 91) at 12; Def. R. 56.1 Stmt. (Dkt. No. 90) ¶ 4), according to Defendants, this condition is permissible under the exception to Section 904.4.1, which authorizes counter space less than 36 inches long, so long as the entire counter is no more than 36 inches high. (Def. Br. (Dkt. No. 91) at 12) Defendants further contend that the 2004 ADAAG only address the required height and length of counters, and not the amount of clear space on a counter. (Id. at 15)

Plaintiff argues that the exception only applies to counters that are less than 36 inches long. Because the Starbuck store counter has always been 80 inches long, Plaintiff argues that the exception is not applicable here. (Pltf. Opp. (Dkt. No. 102) at 7) According to Plaintiff, where a counter is longer than 36 inches, Defendants must provide at least 36 inches of clear, unobstructed counter space. Placing merchandise on an accessible counter would "impede a

---

[3] Section 305 of the 2004 ADAAG regulates "clear floor or ground space" including, inter alia, the required size of the clear area (§ 305.2), positioning of the clear area (§ 305.5), and maneuvering clearance leading up to the clear area (§ 305.7). 36 C.F.R. Pt. 1191.1 Appx. D § 305.

disabled person's access" to the counter, leaving her with "no counter surface . . . or an insufficient counter surface." (Id. at 9-10)

"In interpreting an administrative regulation, as in interpreting a statute, [courts] must begin by examining the language of the provision at issue." Resnik v. Swartz, 303 F.3d 147, 151 (2d Cir. 2002) (citing N.Y. Currency Research Corp. v. Commodity Futures Trading Comm'n, 180 F.3d 83, 92 (2d Cir.1999)). "'When a statute[ or regulation's] language is clear, [a court's] only role is to enforce that language "according to its terms."'" Life Receivables Trust v. Syndicate 102 at Lloyd's of London, 549 F.3d 210, 216 (2d Cir. 2008) (quoting Arciniaga v. Gen. Motors Corp., 460 F.3d 231, 236 (2d Cir. 2006); Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 296 (2006)); see also Seinfeld v. Gray, 404 F.3d 645, 649 (2d Cir. 2005) (regulation's language "should be interpreted according to its plain meaning under the regulation") (citing Resnik, 303 F.3d at 151; N.Y. Currency Research Corp., 180 F.3d at 92); Davis v. Shah, 821 F.3d 231, 249 (2d Cir. 2016) (courts "must interpret [language] in a regulation] per [its] common-sense meaning").

Here, Section 904.4.1 provides accessibility requirements for the height and length of counters, but does not address how much of a counter surface must be clear. Indeed, Section 904.4.1 – in setting forth requirements for counter surfaces – does not include any reference to "clear." See 36 C.F.R. Pt. 1191.1 Appx. D. § 904.4.1. The term "clear" does appear at another point in Section 904.4.1, however. Section 904.4.1 requires that a "clear floor or ground space complying with 305 shall be positioned for a parallel approach" to the counter. Id. Moreover, the 2004 ADAAG frequently impose requirements that particular spaces must be "clear" and unobstructed. See, e.g., id. Appx. D § 404.2.3 ("[d]oor openings shall provide a clear width of 32 inches (815 mm) minimum"); id. Appx. D § 408.4.1 ("[e]levator cars shall

provide a clear width 42 inches (1065 mm) minimum and a clear depth 54 inches (1370 mm) minimum"); id. Appx. D § 810.2.2 ("[b]us stop boarding and alighting areas shall provide a clear length of 96 inches (2440 mm) minimum, measured perpendicular to the curb or vehicle roadway edge, and a clear width of 60 inches (1525 mm) minimum, measured parallel to the vehicle roadway.").

When "particular language [is included] in one section of a statute but omit[ted] in another section of the same Act, it is generally presumed" that the omission is intentional. Russello v. United States, 464 U.S. 16, 23 (1983) (citing United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972)). The same canon of construction applies to regulatory interpretation. Resnik, 303 F.3d at 152 (applying canon to a Securities and Exchange Commission regulation) (citing Smaldone v. Senkowski, 273 F.3d 133, 137 (2d Cir. 2001) (stating principle that, where particular language is included in one section of a statute but omitted from another, it is generally presumed that the omission is intentional)); W. Coast Truck Lines, Inc. v. Arcata Cmty. Recycling Ctr., 846 F.2d 1239, 1244 (9th Cir. 1988) (same); see also Black & Decker Corp. v. Comm'r, 986 F.2d 60, 65 (4th Cir. 1993) ("Regulations, like statutes, are interpreted according to canons of construction."); 1A Norman J. Singer, Statutes and Statutory Construction § 31:6 (6th ed. 2002) (rules of statutory construction also govern the interpretation of administrative regulations)).

Plaintiff argues, however, that "placing obstructions on a counter surface clearly impedes a disabled person's access in using the surface for conducting a transaction. . . . [Accordingly,] the 'better interpretation' of § 904.4.1 is that a public accommodation cannot place obstructions upon the portion of the counter surface required to be provided to the disabled." (Pltf. Opp. (Dkt. No. 102) at 9 (quoting Roberts v. Royal Atlantic, 542 F.3d 363, 376

(2nd Cir. 2008)) This argument is unpersuasive. As an initial matter, the regulation at issue here is unambiguous – it makes no mention of a "clear" and "unobstructed" counter surface.[4] This Court cannot "interpret" Section 904.4.1 so as to add a requirement that is not present in this provision. See West v. Moe's Franchisor, LLC, No. 15 Civ. 2846 (WHP), 2015 WL 8484567, at *3 (S.D.N.Y. Dec. 9, 2015) (dismissing ADA claim premised on accessibility requirement not expressly set forth in a regulation). Moreover, it is not obvious that placing items on an accessible counter – such that there is less than 36 inches of clear space – would leave a disabled person with "insufficient counter surface" under Section 904.4.1. Indeed, as discussed above, the exception to Section 904.4.1 explicitly permits counters of less than 36 inches in length.

The cases cited by Plaintiff (Pltf. Br. (Dkt. No. 102) at 10-11) – all from the Ninth Circuit – are not persuasive. In Kalani v. Starbucks Corp., 81 F. Supp. 3d 876, 887 (N.D. Cal. 2015), the Northern District of California concluded that a Starbucks store violated the ADA because its counter was 35 inches long, and offered clear space of only eight inches. Id. The Ninth Circuit affirmed, concluding that Starbucks "failed to maintain a readily accessible thirty-six-inch-long point of sale counter at the Store, as required under the ADA." Kalani v. Starbucks, 698 Fed. Appx. 883, 886 (9th Cir. 2017). In Crandall v. Starbucks Corp., 249 F. Supp. 3d 1087, 1109 (N.D. Cal 2017), the Northern District of California concluded that the 2004 ADAAG requires "accessible clear space on the counter [to] be at least 36 inches wide."

[4] In its amicus brief, the U.S. Department of Justice makes the same point: "Section 904.4.1 does not mention, let alone require, that an entity provide any particular amount of 'clear' counter space. In fact, a sales or service counter that is uniformly less than 36 inches high satisfies 904.4.1 or its exception." Dep't of Justice Amicus Brief at 5, Johnson v. Starbucks Corp., No. 17 Civ. 2454 (WHA) (N.D. Cal. Feb. 25, 2019) (Dkt. No. 115). Courts must "defer to an agency's interpretation of its own regulation, advanced in a legal brief, unless that interpretation is 'plainly erroneous or inconsistent with the regulation.'" Chase Bank USA, N.A. v. McCoy, 562 U.S. 195, 208 (2011) (citing Auer v. Robbins, 519 U.S. 452, 461 (1997)).

Id. Finally, in Villegas v. Beverly Corner, LLC, No. 16 Civ. 7651 (CAS), 2017 WL 3605345, at *4 (C.D. Cal. Aug. 18, 2017), the Central District of California concluded that "[u]nder the [2004 ADAAG] . . . a portion of the counter surface must have a width of no less than 36 inches" that is clear of merchandise. Id.

These decisions are not persuasive, because they do not acknowledge that the exception to Section 904.4.1 explicitly permits counter surfaces of less than 36 inches. 36 C.F.R. Pt. 1191.1 Appx. D. § 904.4.1. To the extent that these courts find that the 2004 ADAAG requires that counter surfaces be at least 36 inches in length, they ignore contrary language in Section 904.4.1. Indeed, in other cases against Starbucks in the Ninth Circuit, courts have denied plaintiffs' motions for summary judgment on ADA claims premised on counters that are less than 36 inches long, where the counters are less than 36 inches above the floor. See Johnson v. Starbucks Corp., No. 16 Civ. 2797 (WBS), 2019 WL 699136, at *4 (E.D. Cal. Feb. 20, 2019) (denying plaintiff's motion for summary judgment); Johnson v. Starbucks Corp., No. 16 Civ. 2489 (MCE), 2018 WL 5264224, at *2 (E.D. Cal. Oct. 23, 2018) (same). Finally, the decisions cited by Plaintiff do not address the absence of any requirement in Section 904.4.1 that the counter space be clear.

The Court concludes that Section 904.4.1 does not require clear counters at least 36 inches in length. Accordingly, the Starbucks store counter at issue did not violate the ADA.

## III. STATE LAW CLAIMS

"[U]nder 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." Schaefer v. Town of Victor, 457 F.3d 188, 210 (2d Cir. 2006) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). "'[T]he Second Circuit instructs that "absent exceptional circumstances," where federal claims can be disposed of on 12(b)(6) or summary judgment

grounds, courts should "abstain from exercising pendent jurisdiction."'" Karmel v. Claiborne, Inc., No. 99 Civ. 3608 (WK), 2002 WL 1561126, at *3 (S.D.N.Y. July 15, 2002) (quoting Drexel Burnham Lambert v. Saxony Heights Realty, 777 F.Supp. 228, 240 (S.D.N.Y.1991); Walker v. Time Life Films, Inc., 784 F.2d 44, 53 (2d Cir. 1986)).

There is no reason to deviate from this rule here. Accordingly, the Court declines to exercise supplementary jurisdiction over Plaintiff's state law claims, and those claims will be dismissed without prejudice.

**CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment is granted. Plaintiff's remaining ADA claims are dismissed on consent. (Jt. Ltr. (Dkt. No. 112)) Plaintiff's state and city law claims are dismissed without prejudice.

The Clerk of Court is directed to terminate the motion (Dkt. No. 86) and to close this case.

Dated: New York, New York
March 7, 2019

SO ORDERED.

Paul G. Gardephe
United States District Judge